SWAN *v.* STEVENS' ESTATE.

1. CANCELLATION OF INSTRUMENTS — DEEDS — COMPETENCY OF GRANTOR.

On a bill for the cancellation of a deed executed by a woman 83 years of age, the finding of the court below that the grantor was mentally competent to execute the same, *held*, supported by the evidence.

2. SAME—UNDUE INFLUENCE—EVIDENCE—SUFFICIENCY.

*Held*, that there was no evidence to support the charge of undue influence.

3. SAME—DEED AS MORTGAGE—CONSIDERATION—EVIDENCE — SUFFICIENCY.

Where the deed itself is absolute on its face, and the record contains ample evidence of a valid and adequate consideration, a court of equity will not decree said deed to be a mortgage.

Appeal from Oakland; Lamb, J., presiding. Submitted June 3, 1919. (Docket No. 11.) Decided July 17, 1919.

Bill by John E. Swan and others against the estate of Sara E. Stevens and another to set aside a deed. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*John B. McIlwain* (*Elmer E. Stockwell*, of counsel), for plaintiffs.

*John H. Patterson*, for defendants.

BROOKE, J. The bill in this case is filed to set aside a deed executed by Elizabeth Kemp to Sara E. Stevens, bearing date February 18, 1915, on three grounds:

(1) Mental incompetency.
(2) Undue influence.
(3) That the deed was a mortgage.

For parol evidence to show that deed absolute on its face was intended as a mortgage, see note in L. R. A. 1916B, 18.

Property conveyed by the deed consisted of a small house and lot worth about $2,500. At the time the deed was executed Elizabeth Kemp was a widow about 83 years of age and had occupied the property in question as a homestead for many years. She received a pension from the government ranging from $8 per month 20 years ago to $20 per month during the last year of her life. She had one son, George Kemp, who lived with her. George Kemp died of tuberculosis February 1, 1915, having spent some months in Asheville, North Carolina, in an attempt to be cured. Money for George's trip to and sojourn in Asheville was furnished by Sara E. Stevens. Sara E. Stevens was an elderly spinster who was possessed of nearly $9,000 in cash, the avails of a 40-acre farm lying on Woodward avenue between Pontiac and Birmingham. After the sale of her farm Sara E. Stevens made her home with Elizabeth Kemp for about 10 years preceding her death in February, 1917. There was evidence in the record to the effect that during the time Sara E. Stevens lived with Elizabeth Kemp she expended for household purposes and in advances to George Kemp upwards of $3,000. The deed in question was a straight warranty deed with an expressed consideration of "One dollar and other valid and valuable considerations," and containing the following clause:

"and it is understood that this conveyance is made in consideration of services rendered to first party by second party and also in compliance with the expressed wishes of George L. Kemp, now deceased, son of the said first party, and that this is all the consideration passing at the time of this transfer."

After the death of George Kemp, and the execution of the deed in question, the two old ladies continued to live together for about two years and until February, 1917, when Sara E. Stevens died. Sara Stevens on

March 1, 1916, had made a will, the fifth clause of which follows:

"*Fifth.*: In consideration of my long acquaintance with my dear friend, Mrs. Elizabeth Kemp, of Birmingham, Mich., I direct my executor to see that she shall have all the necessary care and attention, maintenance and support, and shall live in the house so long occupied by us; and that the expense therefor shall be deducted and paid from my estate during the natural life of her, the said Elizabeth Kemp, and at her death her funeral expenses shall be paid from the estate, provided said funeral expenses are not otherwise provided for."

After the death of Sara E. Stevens and on August 9, 1917, a guardian for Elizabeth Kemp was appointed by the probate court. This action was taken upwards of two years after the date of the deed in question and about two months before the death of Elizabeth Kemp which occurred on October 29, 1917.

Most of the testimony in the record is directed to the question of the mental competency of Elizabeth Kemp on the day of the execution of the deed in question. A résumé of the evidence at large would be of no profit to the profession. It is sufficient to say that several of the witnesses for the plaintiffs were interested in the subject-matter of the litigation and many others gave opinions to the effect that they did not think Elizabeth Kemp competent, but failed to furnish sufficient basis of fact upon which to form an opinion. On the other hand the defendant produced the evidence of the president and cashier of the bank at which Elizabeth Kemp did her business for many years and several intimate friends of long standing who testified, without reservation, that in their opinion Elizabeth Kemp had sufficient mental capacity to know and understand the transaction here in question.

Touching the burden of proof and the weight of

the evidence admitted, the learned circuit judge who tried the case and had the advantage of seeing and hearing the witnesses upon the stand in his opinion said:

"If this deed shall be decreed invalid, it must be so held by reason of the mental incapacity of Elizabeth Kemp to make a deed, on the 18th day of February, 1915. This presented a question of fact at the hearing and much testimony was taken for and against the contention on the part of the plaintiffs. A careful review of the testimony and giving it its greatest value convinces me, when taken in connection with the fact that what she sought to accomplish was obviously the most natural thing in the world to do, and with the further fact that the one who looked after her business at the bank and took the acknowledgment of the deed and had visited with her frequently along about the time of the execution of the deed, that the plaintiffs have not sustained the burden resting upon them under the law. The testimony of the family physician, though given with some hesitation, casts the doubt, if there be any doubt, against the contention of the plaintiffs and in favor of the mental capacity of Mrs. Kemp. In this connection, the case of *Reagan* v. *Murray*, 176 Mich. 237, is in point wherein it holds:

" 'The object of the bill being to set aside the deeds on the ground of incompetency on the part of the grantor, primarily the burden of proving the charge by a preponderance of evidence rests upon complainant, and if the testimony does not prevail in her favor, or is so evenly balanced as to leave the question in doubt, her suit must fail.'

"In my judgment, if it were necessary to so find, in the decision of the case, the testimony of the witnesses who were in the best position to know establishes by the greater weight of the proofs that Mrs. Elizabeth Kemp, at the time she executed the deed, February 18, 1915, realized what she was doing and did just what she intended to do. To hold otherwise, under the proofs in this case, would come dangerously near to taking away the security every one has under the law of disposing of her own property untrammeled by the judgment or wishes of another."

After a careful reading of all the testimony we find ourselves in agreement with these conclusions. We find the record absolutely barren of any evidence tending to support the charge of undue influence exercised by the grantee in the deed over Mrs. Kemp. As to the claim that the deed should be considered as a mortgage to secure the repayment to Sara E. Stevens the money advanced by her to George Kemp, it is sufficient to say that the deed itself is absolute on its face and the record contains ample evidence of a valid and adequate consideration.

The decree dismissing the bill is affirmed.

BIRD, C. J., and OSTRANDER, MOORE, STEERE, FELLOWS, STONE, and KUHN, JJ., concurred.